UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
3:18-cv-604-FDW

| | |
|---|---|
| JEROME ANDREW DICKERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU PRESSLEY, et al., )<br>)<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 8).

### I.   BACKGROUND

Pro se Plaintiff Jerome Dickerson, a North Carolina inmate incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on November 13, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants FNU Snipes, FNU Francis, and FNU Williams, identified as correctional officers at Lanesboro Correctional Institution, and FNU Pressley, identified as a sergeant at Lanesboro at all relevant times. Plaintiff alleges that, on an unspecified date:

> While at Lanesboro Prison on "Anson" unit Sergeant Mrs. Pressley and Officer Snipes plus officer prison staff was trying to search me. After the search I was placed in full restraints and Sergeant Mrs. Pressley said I spitted on her and Officer Snipes help mace me right in the face and help take me to the ground and hold me down while Sergeant Pressley took the back of her expandable baton and knocked one of my top front [teeth] out.
> Now officers W. Francis and P. Williams was the officers to pack my property

out of the room and sergeant and Mrs. Pressley got them to throw all my personal property away.

(Doc. No. 1 at 3). As relief, Plaintiff states that he seeks "the courts to get the Department of Public Safety to fix my front tooth that happen by their staff members. Plus money damages compensatory damages. Also would like to be paid for prison staff losing my property." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, Plaintiff's claim of excessive force

2

against Defendants Pressley and Snipes is not clearly frivolous. Furthermore, liberally construing Plaintiff's claim against Defendants Francis and Williams as a Fourteenth Amendment due process claim based on their removal of his personal property from his cell, the Court finds that this claim is also not clearly frivolous. Thus, Plaintiff's action survives initial screening.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants, who are current or former employees of NCDPS.

3.

Signed: March 7, 2019

Frank D. Whitney
Chief United States District Judge