# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:18-cv-00604-FDW

| | |
|---|---|
| JEROME ANDREW DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PRESSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion.

In reviewing the docket report in this matter, it appears to the Court that three Defendants, Defendants FNU Pressley, FNU Snipes, and FNU Williams, have not been served with summons or filed waivers of service. On March 7, 2019, the Court ordered that the Clerk of Court was to commence the procedure for service as set forth in new Local Rule 4.3 for all Defendants, who were current or former employees of the NCDPS. [Doc. 9].

On May 6, 2019, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendants Pressley, Snipes, and Williams because these Defendants are no longer employed with the agency. The sealed document provides these Defendants last known addresses. [Doc. 13].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have

been located with reasonable effort.  See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants Pressley, Snipes, or Williams were obtained.  As such, it does not appear that these Defendants actually ever received service of process.  With the additional information supplied for service on Defendants Pressley, Snipes, and Williams, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 13 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Pressley, Snipes, and Williams.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 13 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Pressley, Snipes, and Williams in accordance with Rule 4.

Signed: July 2, 2019

Frank D. Whitney
Chief United States District Judge