UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00604-MR

| | |
|---|---|
| JEROME ANDREW DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU PRESSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Jerome Andrew Dickerson ("Plaintiff") is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action in this Court on November 13, 2018, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Complaint survived initial review on March 7, 2019. [Doc. 8]. Defendant Francis waived service. [Doc. 12]. After waivers of service for Defendants Pressley, Snipes, and Williams were returned unexecuted, the Court ordered that the U.S. Marshal was to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4 of the Federal Rules

of Civil Procedure. [Doc. 16]. Defendant Williams was served by the U.S. Marshal. [Doc. 18]. On March 2, 2020, Defendants Francis and Williams filed a motion for summary judgment. [Doc. 31]. The Court issued a Roseboro Order and Plaintiff responded to these Defendants' summary judgment motion. [Docs. 33, 35]. Despite efforts by the U.S. Marshal to serve Defendants Pressley and Snipes, they remain unserved. [See Docs. 37, 38].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on March 7, 2019. [Doc. 9]. Plaintiff, therefore, had until June 5, 2019 to serve Defendants Pressley and Snipes. As such, the Court hereby notifies Plaintiff that it will dismiss Defendants Pressley and Snipes without prejudice

2

unless, within fourteen (14) days of this Order, the Plaintiff shows good cause for the failure to timely serve these Defendants.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have fourteen (14) days from this Order to respond showing good cause why Defendants FNU Pressley and FNU Snipes should not be dismissed from this action. Failure to timely comply with this Order will result in the dismissal of Defendants FNU Pressley and FNU Snipes from this action without prejudice.

**IT IS SO ORDERED**.

Signed: June 27, 2020

Martin Reidinger
Chief United States District Judge

3

Case 3:18-cv-00604-MR   Document 39   Filed 06/29/20   Page 3 of 3