# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00604-MR

| | |
|---|---|
| JEROME ANDREW DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PRESSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's filing of his "Response to Judicial Order and Declaration of Truth." [Doc. 40].

Pro se Plaintiff Jerome Andrew Dickerson ("Plaintiff") is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action in this Court on November 13, 2018, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Complaint survived initial review on March 7, 2019. [Doc. 8]. Defendant Francis waived service. [Doc. 12]. After waivers of service for Defendants Pressley, Snipes, and Williams were returned unexecuted, the Court ordered that the U.S. Marshal was to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4 of the Federal Rules

of Civil Procedure. [Doc. 16]. Defendant Williams was served by the U.S. Marshal. [Doc. 18]. On March 2, 2020, Defendants Francis and Williams filed a motion for summary judgment. [Doc. 31]. The Court issued a Roseboro Order and Plaintiff responded to these Defendants' summary judgment motion. [Docs. 33, 35]. Despite efforts by the U.S. Marshal to serve Defendants Pressley and Snipes, they remain unserved. [See Docs. 37, 38].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on March 7, 2019. [Doc. 9]. Plaintiff, therefore, had until June 5, 2019 to serve Defendants Pressley and Snipes. On June 29, 2020, the Court advised Plaintiff pursuant to Rule 4(m) that he must show good cause for his failure

2

to timely serve Defendants Pressley and Snipes. [Doc. 39]. The Court notified Plaintiff that it would dismiss Defendants Pressley and Snipes without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve them. [Id.].

Plaintiff timely filed a response to the Court's show cause Order. [Doc. 40]. In his response, Plaintiff states that, in November 2018, he was transferred to different facility and "underwent a transition in classification" such that he "had no availability as regular population offenders." [Id. at 2]. Plaintiff further states that, in December 2018, he attempted to contact the Court regarding the status of service on all named Defendants. [Id.]. Although Plaintiff states that he "has attached a carbon copy of said correspondence," Plaintiff did not include said correspondence with his motion. [Id.]. Further, there is no filing in this matter in or around December 2018 or otherwise in which Plaintiff queries the status of service. Even if there were, it is not the Court's duty to ensure service, but the Plaintiff's. Finally, Plaintiff does not assert that he has undertaken any efforts to further obtaining service on Defendants Pressley and Snipes.

## II. DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." Robinson v. GDC, Inc., 193

F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 342 (1991)).

> Courts within the Fourth Circuit found good cause to extend the [90]-day period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant. This leniency especially holds true when factors beyond the plaintiff's control frustrate his or her diligent efforts. Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons.
>
> At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, neither *pro se* status nor incarceration constitute good cause.

McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citations and quotation marks omitted).

Here, Plaintiff has failed to state good cause for his failure to serve Defendants Pressley and Snipes. Plaintiff has made no effort to serve these Defendants and did not seek an extension of time to complete service. Plaintiff also fails to suggest that he intends to attempt service on these Defendants. The Court, therefore, declines to exercise its discretion to enlarge the service period, especially at this late stage of these proceedings.

4

See <u>Robinson v. GDC</u>, 193 F.Supp.3d at 581.

## III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendants Pressley and Snipes, the Court will dismiss these Defendants without prejudice pursuant to Rule 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants FNU Pressley and FNU Snipes are hereby **DISMISSED WITHOUT PREJUDICE** as Defendants in this matter.

**IT IS SO ORDERED**.

Signed: July 24, 2020

Martin Reidinger
Chief United States District Judge