UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00604-MR

| JEROME ANDREW DICKERSON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM OF DECISION AND ORDER** |
| FNU FRANCIS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment. [Doc. 31].

## I. PROCEDURAL BACKGROUND

Plaintiff Jerome Andrew Dickerson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 for the violation of his civil rights while incarcerated at the Lanesboro Correctional Institution ("Lanesboro C.I.").[1] [Doc. 1]. The Complaint asserted an excessive force claim against Lanesboro C.I. employees Sergeant FNU Pressley and Officer FNU Snipes for the use of excessive force on Plaintiff and a due process claim against

---

[1] Plaintiff is now housed at Alexander Correctional Institution in Taylorsville, North Carolina.

Lanesboro C.I. employees Officers FNU Francis and FNU Williams for discarding Plaintiff's personal property.[2] [Id.]. The Complaint survived this Court's initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A and Plaintiff proceeded with his claims. [Doc. 9]. Defendants Pressley and Snipes were dismissed as Defendants in this matter, after notice, pursuant Rule 4(m) of the Federal Rules of Civil Procedure on Plaintiff's failure to timely serve them. [Doc. 41].

On March 2, 2020, Defendants Francis and Williams ("Defendants") moved for summary judgment of Plaintiff's Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Doc. 31]. In support of their summary judgment motion, Defendants Francis and Williams submitted a memorandum, their own Declarations, and some prison records and policies. [Docs. 32, 32-1 to 32-4].

On March 3, 2020, this Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 33].

---

[2] Plaintiff does not allege the violation of any constitutional right relative to his missing property. The Court, however, sees no other constitutional right that could be implicated by Plaintiff's allegations and, therefore, gives Plaintiff the benefit of the inference that he intended to assert a due process violation.

2

The Plaintiff was specifically advised that he "may not rely upon mere allegations or denials of allegations in his pleadings to defeat a summary judgment motion." [Id. at 2]. Rather, he must support his assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." [Id. (citing Fed. R. Civ. P. 56(c)(1)(a)]. The Court further advised that:

> An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order and must be filed in duplicate.

[Id. at 2-3 (citing Fed. R. Civ. P. 56(c)(4))]. In response, Plaintiff filed a two-page handwritten letter, together with some prison records and partial prison policies, discovery responses, and medical records. [Docs. 35, 35-1]. None of these documents, however, are signed under oath or under penalty of perjury. In his letter, Plaintiff asserts as follows regarding his personal property:

> Now the "Prisons Personal Property Inventory, "DC-160," proves I never sign or put my inmate signature or date where it's needed say "I certify that I have

3

> received the above listed articles of personal property in the condition specified." If my personal property was in my possession, why didn't I sign saying I received the above listed articles of personal property. That's why I put the "Grievance," in when I got out of segregation and didn't receive none of my personal property. I sent the clerk of court my "receipt," for my "new Balance," shoes to show the date and to prove I got some at "Lanesboro," that they threw away too. On "3-05-13," I wasn't even housed at Lanesboro. I was at "Bertie," Institution. The first step of my grievance from "Kevin J. Ingram," was a lie about me purchasing pair of tennis shoes, the last time was 3-05-13.

[Doc. 35 at 1-2 (errors uncorrected)]. Other than these unsworn and inconsequential assertions, Plaintiff presents no allegations regarding what happened to his property. The partial policies Plaintiff attaches to his response are not authenticated or labeled, nor do they support Plaintiff's claim. The remainder of the documents Plaintiff attaches either relate to the claims against the dismissed Defendants or are also included in Defendants' evidentiary forecast. Thus, in terms of evidentiary forecast, the Defendants' is unrefuted.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at

248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III.  FACTUAL BACKGROUND

In his Complaint, Plaintiff alleged, in pertinent part, that "officers W. Francis and P. Williams [were] the officers to pack my property out of my room [when Plaintiff was moved to segregation] and sergeant Mrs. Pressley got them to throw all my personal property away." [Doc. 1 at 3]. For relief, Plaintiff asks that he "be paid for Prison staff losing [his] property." [Id. at 4].

The evidentiary forecast before the Court, which consists of affidavits from the Defendants, the grievance records related to the loss of Plaintiff's property, and the NCDPS policy related to the personal property of offenders, demonstrates the absence of a genuine issue of material fact on Plaintiff's claim.

As stated above, Plaintiff did not come forward with anything other than mere allegations (and a few unhelpful documents) to defeat Defendants' motion. As such, the Court may only consider Defendants' forecast of evidence for purposes of this motion. Defendants' evidentiary forecast shows the following:

On November 14, 2015, Plaintiff was reassigned from a general population unit on Richmond Unit to a segregation unit on Anson Unit due to disciplinary infractions. [Doc. 32-3 at ¶ 6: Williams Aff.; see Doc. 32-1 at 1]. Because of Plaintiff's reassignment, Defendants were ordered to pack Plaintiff's personal property. [Id.]. Defendants, therefore, packed all Plaintiff's personal property from his cell and inventoried it using a DC-160 form.[3] [Doc. 32-2 at ¶ 7]. Defendants left nothing behind and did not discard anything. [Id.]. After packing and inventorying Plaintiff's property, Defendants took the property to Anson Unit where Plaintiff had been reassigned. [Id. at ¶ 8]. Plaintiff reviewed the completed DC-160 form and did not request any changes to it. Defendants and Plaintiff signed the form

---

[3] The NCDPS policy regarding offender personal property provides, in part, that "[a]ll authorized personal property an offender possesses will be listed on Form DC-160. This form will be dated and signed by the receiving officer and the offender, certifying that the list and the disposition indicated is accurate." NCDPS Policy & Procedure, Ch. F, § .0505(a).

7

in each other's presence. [Id.; see Doc. 32-3 at 5]. After Plaintiff signed the form, Defendants gave Plaintiff's property to the staff at Anson Unit for storage. [Id. at ¶ 9]. After delivering the property to segregation staff, neither Defendant saw Plaintiff's property again. [Id. at ¶10; Doc. 32-4 at ¶ 10: Francis Aff.]. Neither Defendant harbored any ill will toward the Plaintiff and neither had any motivation to intentionally discard Plaintiff's property. [Id. at ¶ 11; Doc. 32-4 at ¶ 11]. Further, neither Defendant ever received an order from Sergeant Pressley to discard Plaintiff's property. [Id. at ¶ 13; Doc. 32-4 at ¶ 13]. Finally, Defendants "never threw away, destroyed, or discarded [Plaintiff's] personal property." [Id. at ¶ 14; Doc. 32-4 at ¶ 14].

On January 21, 2016, Plaintiff filed a grievance complaining that, when he was released from segregation the previous day, segregation staff "checked the storage for [his] property a few times and [his] property [was] no where [*sic*] to be found." [Doc. 32-1 at 2]. It appears, however, that Plaintiff's grievance was submitted to Richmond Unit, not Anson Unit where Plaintiff had been in segregation and where his property had been stored. [See Doc. 32-1 at 3]. The Step One – Unit Response record provides that, "the records have been checked [and Plaintiff's] property was not lost by the Richmond Unit Staff." [Id.]. Plaintiff appealed his grievance through Step Three, where it was "dismissed for lack of supporting evidence." [Doc. 32-1

8

at 3-5]. Notably, Plaintiff did not assert any wrongdoing by Defendants or Sergeant Pressley in his grievance, only that the property was lost. It was only in Plaintiff's Complaint, later, that he contends that Sergeant Pressley ordered Defendants to throw away Plaintiff's property.

## IV. DISCUSSION

To succeed on a due process claim under § 1983, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 145 (4th Cir. 2009). When the claim relates to converted personal property, "a government official's random and unauthorized act, whether intentional or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful postdeprivation remedy." Yates v. Jamison, 782 F.2d 1182, 1184 (4th Cir. 1986) (citing Parratt v. Taylor, 451 U.S. 527 (1981) and Palmer v. Hudson, 468 U.S. 517 (1984)). As such, "claims of unlawful conversion or negligent loss fail to state a claim under § 1983." Francis v. Maryland, 820 F.2d 1219 (Table), 1987 WL 37660, at *1 (4th Cir. 1987) (citing Daniels v. Williams, 474 U.S. 327 (1986)). To be sure, "intentional deprivation of property by random action by a state employee does not state

a cognizable claim under § 1983 if there are adequate state remedies available. Id. (citing Palmer, 468 U.S. 517). "North Carolina has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants." Williams v. Crosson, No. 5:14-CT-3308-F, 2016 WL 9448025, at *6 (E.D.N.C. Sept. 1, 2016), affirmed, 688 Fed. App'x 189 (4th Cir. 2017). Here, because an action for conversion against Defendants is an available, adequate post-deprivation remedy, Plaintiff cannot state a claim under § 1983.

As such, although Plaintiff's Complaint generally survived the low hurdle of initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff has not stated a claim upon which relief may be granted against Defendants.

Because Plaintiff has failed to state a claim for relief in the first instance, there is no genuine issue for trial. As such, Defendants Francis and Williams are entitled to judgment as a matter of law. The Court notes that even if Plaintiff had stated a claim, he presented no evidence in a form acceptable at this stage of the proceedings to refute Defendants' forecast of evidence that no constitutional violation occurred.[4]

---

[4] The Court also notes that, because Plaintiff did not establish the violation of a constitutional right, Defendants are also entitled to qualified immunity in their individual capacities, in any event. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

10

Case 3:18-cv-00604-MR   Document 42   Filed 08/12/20   Page 10 of 11

## V. CONCLUSION

For all the foregoing reasons, Defendants Francis and Williams' motion for summary judgment is granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendants FNU Francis and FNU Williams' Motion for Summary Judgment [Doc. 31] is **GRANTED**. The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: August 12, 2020

Martin Reidinger
Chief United States District Judge